UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LEE DORSETT,<br><br>Plaintiff,<br><br>v.<br><br>SUZANNE FENSTERMACHER, et al.,<br><br>Defendants. | Case No. 15-cv-04743-JD<br><br>**ORDER TO SHOW CAUSE AND ORDER RE ECF FILINGS**<br><br>Re: Dkt. Nos. 1, 9, 17, 38 |

Pro se plaintiff Daniel Dorsett filed this action on October 14, 2015 against the Honorable Susanne Fenstermacher and Honorable Christopher Bowen, Judges of the California Superior Court for Contra Costa County. Dkt. No. 1. Dorsett has also filed a number of additional documents, which plaintiff presented as attempts to amend the Complaint. Dkt. Nos. 9, 17, 38. The defendants have moved to dismiss the Complaint and plaintiff's additional filings. Dkt. Nos. 19, 32.

The Court has reviewed the filings of the parties, most particularly the complaint, and cannot find a basis for subject matter jurisdiction over this action. Dorsett purports to state federal question jurisdiction based on violations of 18 U.S. Code § 201, a section of the federal criminal code that provides criminal penalties for bribery of federal public officials. Dkt. No. 1 ¶ 2; *id*. at 24;18 U.S.C. § 201. But plaintiff's invocation of this statute does not confer subject matter jurisdiction on the Court. Dorsett cannot use this criminal statute to sue another person in a civil action. *See Farley v. Santa Clara Cty. Dep't of Child Support Servs.*, No. C 11-01994-LHK, 2011 WL 4802813, at *8 (N.D. Cal. Oct. 11, 2011) (granting motion to dismiss without leave to amend because plaintiff's claims under "Title 18's criminal statutes are barred as a matter of law"); *Sordean v. United States*, No. C 94-2387 FMS, 1995 WL 86548, at *2 (N.D. Cal. Feb. 24, 1995) ("criminal statutes [including 18 U.S.C. § 201] generally do not provide a private cause of action

or basis for civil liability"). Dorsett's invocation of 18 U.S.C. § 241 in his "amended complaint" similarly provides no basis for jurisdiction in this action. *See id.*; *see* Dkt. No. 17-1 (reproducing text of 18 U.S.C. § 241). Plaintiff's other claims in the complaint are for violation of California penal code and California civil code sections, neither of which confer subject matter jurisdiction on this Court.

The Court cannot hear this case unless subject matter jurisdiction exists. Consequently, the Court sua sponte orders Dorsett to show cause why the case should not be dismissed for lack of subject matter jurisdiction.

The Court is also concerned about the frequency and volume of filings Dorsett is making on ECF. For example, Dorsett has filed multiple documents purporting to amend or seek to amend his Complaint. Dkt. Nos. 9, 17, 38. In consideration of plaintiff's pro se status, the Court will consider the combination of Dkt. Nos. 1 and 17 to be the operative complaint. Dorsett may not amend the complaint further without leave of this Court. If this case goes forward after the response to the Order to Show Cause, the Court cautions Dorsett to limit use of ECF to required filings or filings truly necessary to prosecute this action.

The Court issues these orders:

1. Dorsett is to file by **January 13, 2016** a statement not to exceed 5 pages that explains why he believes subject matter jurisdiction is present in the operative complaint. If the statement does not adequately show that subject matter jurisdiction exists, the case may be dismissed. No response from defendants is necessary at this time.

2. The hearings set for January 13 and 20, 2016 in this matter are **vacated**. The Court may re-set these hearings at a later date, if necessary.

3. Dorsett is ordered to cease making unnecessary filings in this case. He is ordered to file only papers that are authorized and necessary under the Federal Rules of Civil Procedure, the local rules of this district, or the standing orders of this Court. Pro se litigants are expected to abide by these rules, the same as any other parties or attorneys appearing before the Court. If Dorsett continues bombarding the court with tangential,

unnecessary, and confusing filings, the Court may terminate his ECF privileges.

**IT IS SO ORDERED.**

Dated: December 21, 2015

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California