1

2

3

4                          UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7    DANIEL LEE DORSETT,                      Case No.  3:15-cv-04743-JD

               Plaintiffs,
8
                                             **ORDER DISMISSING COMPLAINT**
        v.
9                                            Re: Dkt. Nos. 1, 17

10   SUZANNE FENSTERMACHER, et al.,

11             Defendants.

12

United States District Court
Northern District of California

13       Plaintiff Daniel Dorsett, who is suing pro se, alleges claims against the Honorable Susanne

14   Fenstermacher and Honorable Christopher Bowen, Judges of the California Superior Court for

15   Contra Costa County, arising out of court proceedings in a family law dispute.  Dkt. Nos. 1, 17.

16   Dorsett believes he was treated unfairly by Judge Fenstermacher due to a hidden personal

17   connection between his ex-wife and the judge, and that Judge Bowen added to the unfairness by

18   declining to overturn Judge Fenstermacher's rulings.  Dkt. No. 1 ¶ 5.  After reviewing the

19   complaint, the Court sua sponte asked Dorsett to show cause why the complaint should not be

20   dismissed for lack of subject matter jurisdiction.  Dkt. No. 41.  Dorsett responded, and the Court

21   took the matter under submission without oral argument pursuant to Civil Local Rule 7-1(b).  *See*

22   Dkt. No. 45.

23       Even under a liberal and broad reading, the complaint and response fail to establish the

24   Court's jurisdiction.  The complaint made a glancing reference to two federal criminal statutes, 18

25   U.S.C. § 201 and § 241, as the sole basis for jurisdiction.  *See* Dkt. No. 1 ¶ 2; Dkt. No. 17 at 1.  As

26   stated in the order to show case, that does not establish federal question jurisdiction.  Dkt. No. 41.

27   The response to the order to show does not mention the criminal statutes but alleges several new

28   claims for alleged deprivation of federal constitutional rights by the state judicial defendants.  Dkt.

United States District Court
Northern District of California

1    No. 45.  The Court construes these new claims as Section 1983 torts and finds that they too are no

2    basis for jurisdiction.  As an initial matter, to the extent Dorsett seeks modification of the state

3    court orders, this Court is not empowered to review and reverse unfavorable state-court

4    judgments.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005).  In

5    addition, the new claims founder on judicial immunity.  Judges are entitled to absolute judicial

6    immunity from damages action arising out of judicial acts unless the court acted "in the complete

7    absence of jurisdiction."  *Middleton v. Martingale Invs., LLC*, 621 F. App'x 396, 396-97 (9th Cir.

8    2015) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc)).  The immunity

9    applies "however erroneous the act may have been, and however injurious in its consequences it

10   may have proved to the plaintiff."  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (internal

11   quotation omitted); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  There is no allegation here,

12   nor could there credibly be one, that the state judges acted without jurisdiction.

13          Consequently, Dorsett may not bring any claims against Judge Fenstermacher or Judge

14   Bowen based on their hearings, written orders, or other judicial conduct.  Since this is all Dorsett

15   has sued on, the case cannot proceed and there is no possibility that amendment would cure the

16   defect.  The Court dismisses the action with prejudice and directs the clerk to close the case file.

17          **IT IS SO ORDERED.**

18   Dated: April 5, 2016

19

20

21   _____

22   JAMES DONATO
     United States District Judge

23

24

25

26

27

28